## P. B. FAISON v. JULIUS MEYENBERG.

### Decided December 22, 1906.

**1.—Briefs—Copying Assignments.**

Where the assignment of errors are not copied into the brief the Appellate Court is not required to consider the questions presented thereby.

**2.—Same—Absence of Statement of Facts and Bills of Exception.**

In the absence of a statement of facts and bills of exception the judgment of the trial court must be affirmed if there is no error apparent upon the face of the record.

Appeal from the District Court of Fayette County. Tried below before Hon. L. W. Moore.

*Joseph Ehlinger,* for appellant.

*Brown & Lane,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—The suit was brought by appellee against W. B. Ray and appellant to recover upon a note for $150 executed by Ray, and to foreclose a vendor's lien by which said note was secured, on a tract of land on the Bettinger survey in Fayette County conveyed by appellant to said Ray. Appellant also held a lien on said property to secure a note in his favor executed by Ray, and he was made a party by the plaintiff in order that their equities in the property might be adjusted. After alleging the sale of the land by appellant to Ray and the execution by the latter in part payment therefor of two notes, one for $150 and the other for $149, and the transfer and assignment of the $150 note to plaintiff by appellant, the petition contains the following allegations:

"Plaintiff further makes known to the court that his said note has priority of payment and is superior to the note of defendant Faison, and that the rights of defendant, Faison, in said land or security for his said note, have been and are now subordinated to the rights of plaintiff thereto. Wherefore plaintiff says that in the event said land be ordered sold, and sale be made thereof, for the purpose of paying the notes held by plaintiff and defendant Faison, his said note, principal, interest and attorney's fees, be fully paid off and discharged out of the proceeds of such sale, before defendant, Faison, be permitted to receive any part thereof."

Ray filed no answer. Appellant answered by general and special exception and by special plea averring his ownership of the $149 note and asking for judgment thereon against Ray with foreclosure of his vendor's lien. He expressly denied that he had agreed with plaintiff that the note transferred to him should have a preference lien over the note held by appellant and claimed that he had an equal right to share in the proceeds of the sale of the land and prayed that such proceeds be applied to the payment of both notes without any priority in favor of the note held by plaintiff.

The trial in the court below was without a jury and resulted in judgment in favor of plaintiff and appellant against Ray for the amounts due on their notes respectively with foreclosure of the vendor's lien and an order directing the sale of the land. It was further adjudged and decreed that the proceeds of such sale after payment of the costs be first applied to the payment of amount adjudged to be due plaintiff on the note held by him.

Appellant has failed to copy any of his assignments of error in his brief and we are therefore not required to consider any of the questions sought to be presented by the brief.

If, however, we were disposed to consider the assignments contained in the record it would avail appellant nothing since there is no statement of facts and no bill of exception in the record and therefore noth-

ing in the record to show that the matters complained of, if error, occurred upon the trial. So far as this record shows plaintiff may have proven an agreement with appellant by which he was given a preference lien on the property.

There is no error apparent upon the face of the record. The judgment is one which the court had authority to render and is responsive to the allegations and prayer of the petition, and must be affirmed.

*Affirmed.*